BRICKILL et al. v. MAYOR, ETC., OF BALTIMORE.[1]

(Circuit Court of Appeals, Fourth Circuit. February 7, 1894.)

No. 56.

1. PATENTS—INFRINGEMENT—DAMAGES—ABSENCE OF LICENSE FEE.
   Where there is no evidence to show that any license fee has ever been paid or demanded, the jury, in estimating the damages, should consider the utility and advantage to the defendant of the use of the patented device, as compared with any other means of obtaining similar results whose use was open to it, and may compare the cost of using the one to the cost and saving in the use of the other.

2. TRIAL—INSTRUCTIONS—DAMAGES.
   After correctly instructing as to the evidence to be considered in estimating damages, it is proper to refuse instructions which characterize certain parts of such evidence as "important," "material," and "controlling."

In Error to the Circuit Court of the United States for the District of Maryland.

At Law. Action by William A. Brickill, Peter M. Kafer, James M. De Lacey, James E. Dunn, Rosina W. Da Cumba, and Edward Van Orden against the mayor and city council of Baltimore, for infringement of letters patent issued to William A. Brickill. Judgment of the court below affirmed.

For opinions delivered below upon demurrer to the declaration, and also on demurrer to a plea of the statute of limitations, see 50 Fed. 274, and 52 Fed. 737.

Raphael J. Moses, Jr., for plaintiffs in error.
Thomas G. Hayes, for defendants in error.

Before GOFF, Circuit Judge, and SEYMOUR and SIMONTON, District Judges.

GOFF, Circuit Judge. This was an action at law for the infringement of letters patent issued to William A. Brickill August 18, 1868, for "improvement in feed-water heaters for steam fire engines." The cause was tried before a jury, and a verdict rendered February 18, 1893, for the plaintiffs, for two cents damages. Plaintiffs moved for a new trial, which the court refused, and entered judgment for the damages so found and the costs. The case comes to this court on writ of error to the circuit court of the United States for the district of Maryland. Plaintiffs in error insist that the court below erred in refusing to give to the jury

---

[1] Rehearing denied, February 17, 1894.

certain instructions asked for by them, and in charging the jury as to the law applicable to the case before it. No exception was taken to the action of the court in giving the instruction asked for by defendants. A large number of witnesses were examined by both plaintiffs and defendants below, and their evidence was considered by the jury, and made part of the several bills of exceptions taken by the plaintiffs below. The plaintiffs claimed damages for the use by defendants, for a number of years, of the heating apparatus patented to Brickill, which was claimed to be substantially a coil of pipe detachably connected at both ends with the boiler of a steam fire engine, one end above the other, placed below the engine, and heated by a coal fire in a stove near by. The object was to keep the water in the boiler of the engine hot, so that the steam fire engine could be used on short notice. The plaintiffs' evidence tended to prove that there was no established license fee for the use of said patent, and that a certain sum of money had been saved to the defendants by the use of plaintiffs' combination. The plaintiffs then claimed that in establishing the value of said use, and the extent of the same by defendants, they had shown the amount of actual damages they had sustained, and that the court should have instructed the jury to render a verdict for the plaintiffs in a sum at least equal to that amount. The defendants claimed, and offered evidence tending to prove, that they never made nor used the contrivance patented by Brickill, which it was claimed by them was useless and without utility; also, that a feed water heater to maintain the water in the boilers of the steam fire engines used by defendants was not essential to the successful operation and efficiency of the engines; and that, if there had been any saving to defendants by the use of the heating apparatus on defendants' fire engines, it was due, not to the patent claimed by plaintiffs, but to certain improvements thereon, as made and found in the patents of Rodgers, Codd, Gould, and Sutton. On issues so made, and on evidence tending so to prove, the case went to the jury, and it found virtually in favor of the contention of defendants. The jury believed the evidence so offered by defendants, and so it only found nominal damages for plaintiffs. The court that heard the evidence refused to set the verdict aside. The following instructions, given by the court at the request of defendants, to which the plaintiffs did not except, justified the finding of the jury, if it found the facts to be as claimed by defendants:

"The court instructs the jury that the Brickill patent, as construed by the court, is broadly for a circulating heater, connected with detachable connections with a boiler of a steam fire engine; and if the jury should find that the Brickill patent had utility, and possessed novelty and patentable invention, and that the defendant has infringed said patent, then the jury, in considering the question of profits, if any, made by the defendant in the use of the heaters testified to in this cause, if they should find that the heaters used by the defendant contained Brickill's invention, with an improvement on the same, and that the utility of the Brickill invention was increased by said improvement, and that the profits made by the defendant in the use of said heaters was attributable entirely or partly to the said im-

provement, then, in arriving at such profits, the jury are not to consider the profits, if any, made by the defendant, from the use of the improvement, as distinct from the Brickill invention."

Plaintiffs in error insist that the court below erred in refusing to give the following instructions, asked for by them, as set forth in their bills of exceptions:

"The jury are further instructed that, if they shall find in favor of the plaintiffs, then the damages to which the plaintiffs are entitled is such a sum as will compensate them for the injury which they have sustained by the infringement, and the jury may consider the fact that the defendant chose to make and use the patented combination as evidence from which they may find that the defendant regarded the invention as of value to it; and, in the absence of an established license fee, the main and controlling evidence to be considered by the jury in determining the actual damages of the plaintiffs caused by the infringement will be the saving of the defendant by the use of the patented invention over what it would have cost to have used any other device or method for accomplishing a similar and an equally beneficial result, which was open to the defendant to use at the date of the patent."

"The jury are further instructed that, if they find on the first prayer in favor of the plaintiffs, then the plaintiffs are entitled to recover an amount which will compensate them for the injury to which they have been subjected by the infringement; and the fact that the defendant chose to make and use the patented combination is evidence that it regarded the invention as a valuable one; and, in the absence of an established license fee, an important and strongly controlling element by. which to determine the plaintiffs' loss is the profits or saving of the defendant by the use of the patented device over the cost of using any other device which was open to it to use, and which would have produced a substantially equal beneficial result, and may also consider legal interest on such sum so found from the date at which they shall find it should have been paid had defendant purchased the right to use the Brickill patent in its several engine houses, instead of unlawfully appropriating it, if they find such appropriation."

"The jury are further instructed that, if they find on the first prayer in favor of the plaintiffs, then the plaintiffs are entitled to recover an amount which will compensate them for the injury to which they have been subjected by the infringement, and the fact that the defendant chose to make and use the patented combination is evidence that it regarded the invention as a valuable one; and, in absence of an established license fee, an important element by which to determine the plaintiffs' loss, and what sum of money should be awarded the plaintiff in this case to be paid to him by the defendant as damages for the use of his patent, is the profit or saving of the defendant by the use of the patented device over the cost of any other device that was open to it to use, and which would have produced a substantially equally beneficial result; and, if the jury further find that the plaintiffs have presented all the evidence on the question of damages which could reasonably be expected of them, and the defendant offers no evidence on the subject, then the jury are to estimate the damages on the evidence before them, and, in making such an estimate, the jury ought to resolve every point of uncertainty against the defendant."

"The jury are further instructed that if they shall find from the evidence that the use of some method of maintaining the water in the engines at a boiling temperature was a necessity to the defendant, and shall further find that, after numerous experiments, the only two practical methods of accomplishing this result were by burning a gas fire, either in the fire box of the engine or under a coil attached to the side thereof, and the Brickill method, and the defendant has used the Brickill method without license, then, if you find the patent valid, you may consider the difference in cost between heating the water with gas and by the Brickill method as a main, if not controlling, evidence of the loss of the plaintiffs."

"The jury are instructed that if they find for the plaintiffs that the plaintiffs' patent is valid, and that it has been infringed, then they are enti-

tled to the actual damages which the plaintiffs have sustained; and, in arriving at the actual damages the plaintiffs have sustained, they shall take, at least, the amount of saving which the defendant has made by the use of the patented invention over other methods open to the defendant to use for the same purpose at the date of the patent, or such subsequent improvements made during the period of the infringement as do not infringe on the plaintiffs' patent."

In considering these rejected instructions, relating to the question of damages, it is proper to refer to the prayer given by the court at instance of the plaintiffs on the same subject, which reads as follows:

"The jury are further instructed that, if they find in favor of the plaintiffs, then the damages to which the plaintiffs are entitled is such a sum as will compensate them for the injury which they have sustained by the infringement, and the jury may consider the fact that the defendant chose to make and use the patented combination as evidence from which they may find that the defendant regarded the invention as of value to it; and, in the absence of an established license fee, the jury should consider what pecuniary advantage and saving there was to the defendant in using the plaintiffs' patented contrivance over the cost of using any other device open to it, to use which would have produced an equally beneficial result, in order to enable them to ascertain what would be a fair compensation to the plaintiffs for the injury to them by the infringement of their patent."

Also the court's charge on that point, in these words:

"This is an action at law for the damages sustained by the plaintiffs for the alleged infringement, and in such actions, when there has been proved an established royalty or license fee, which has been customarily paid to the owner of the patent by those who desired to use it, such regular price for a license is the primary and true criterion of the plaintiffs' damage; but in this case there is no evidence of any license fee ever having been demanded or paid by any one; and so, if you find in favor of the plaintiffs, you should consider the utility and advantage to the defendant of the use of the patented device, as compared to any other means of obtaining similar results which were open to the defendant to use, and you may consider the cost of using one as compared with the cost and savings to the defendant of using the other; and from these data, if proven to you, you should ascertain, in the exercise of a sound judgment, what would be a fair compensation to the plaintiffs for the damage which they have sustained by reason of the defendant having infringed, instead of having purchased the right to use. the invention."

The plaintiffs correctly presented in their prayer, as given by the court, the law relating to the question of damages applicable to the case then before the jury; and this was supplemented by the court's charge, amplifying the same, and alluding to the facts as presented by the evidence, as well as the character of the action the plaintiffs had instituted. This, under all the circumstances of the case, we think, was eminently proper, and we hold that the plaintiffs' exceptions to the charge of the court were not well taken. The rule now well established, relative to the question of damages, in cases of this kind, was properly given by the court to the jury. The case was at least an unusual one, the evidence showing that the plaintiffs had never established a license fee for the use of, nor had they ever made or sold one of, their patented machines. The difficulty consisted in determining the damages due, if any, or in applying the facts of the case to the rule for the

measure of damages; and this was the duty of the jury, in the discharge of which they found merely nominal damages. The supreme court of the United States, in the case of Suffolk Co. v. Hayden, 3 Wall. 315, 320, says:

"This question of damages, under the rule given in the statute, is always attended with difficulty and embarrassment, both to the court and jury. There being no established patent or license fee in the case, in order to get at a fair measure of damages, or even an approximation to it, general evidence must necessarily be resorted to. And what evidence could be more appropriate and pertinent than that of the utility and advantage of the invention over the old modes or devices that had been used for working out similar results? With a knowledge of these benefits to the persons who have used the invention and the extent of the use by the infringer, a jury will be in possession of material and controlling facts, that may enable them, in the exercise of a sound judgment, to ascertain the damages, or, in other words, the loss, to the patentee or owner by the piracy, instead of the purchase of the use, of the invention."

In this case of Suffolk Co. v. Hayden, the court below, in its charge to the jury, used the following language, which the supreme court approved:

"Then you will look at the value of the thing used, and ascertain that value by all the evidence as to its character, operation, and effect. You will take into view the value of that which the defendants have used belonging to the plaintiff, to aid you in forming a judgment of the actual damage the plaintiff has sustained."

In the case of Sessions v. Romadka, 145 U. S. 29-45, 12 Sup. Ct. 799, Mr. Justice Brown, in delivering the opinion of the court, said:

"This court has, however, repeatedly held that, in estimating damages in the absence of a royalty, it is proper to consider the savings of the defendant in the use of the patented device over what was known and in general use for the same purpose anterior to the date of the patent. Thus, in Mowry v. Whitney, 14 Wall. 620, 649, it was said by Mr. Justice Story that 'it is the additional advantage the defendant derived from the process—advantage beyond what he had without it—for which he must account.'"

The language used by the court below, in the charge to the jury, was in substance the same as that employed by the supreme court in like cases, and is free from error. Nor do we think that the court erred in rejecting the prayers submitted by plaintiffs in error, hereinbefore quoted in full. It will be well to consider in connection with these rejected prayers the following portion of the court's charge:

"In this case the owners of the patent never attempted either to manufacture the heaters themselves, or to license any one else to make, so far as the evidence discloses, and sell them. This is an action at law for the damages sustained by the plaintiffs for the alleged infringement; and in such actions, when there has been proved an established royalty or license fee, which has been customarily paid to the owner of the patent by those who desired to use it, such regular price for a license is the primary and true criterion of the plaintiffs' damage; but in this case there is no evidence of any license fee ever having been demanded or paid by any one; and if so, if you find in favor of the plaintiffs, you should consider the utility and advantages to the defendant of the use of the patented device, as compared to any other means of obtaining similar results which were open to the defendant to use, and you may consider the cost of using one as compared with the cost and savings to the defendant of using the other; and from these data, if proven to you, you should ascertain, in the exercise of a sound

judgment, what would be a fair compensation to the plaintiffs for the damage which they have sustained by reason of the defendant having infringed, instead of having purchased, the right to use the invention."

The instruction given at the request of plaintiffs in error is in substance the same as the rejected prayers, except that in the latter the claim was made that the court should advise the jury that it was to regard certain parts of the evidence as of a character that was to be considered "important," "main," "material," and "controlling." That the jury was fully advised as to the weight it should give the evidence, and that the plaintiffs in error have no valid ground for complaint relative thereto, is shown by the extract from the charge of the court that we have just called attention to. It was the province of the jury to find the actual damages, if any, that the plaintiffs below had suffered on account of the use by defendants of the patent, as claimed by plaintiffs; and in so finding it was their duty to consider all the evidence relating to that question. Keeping in view the character of the evidence before the jury, to which we have heretofore alluded, and considering the instructions given, as also the court's charge, we are of the opinion that the said prayers were properly rejected.

We find no error in the judgment of the court below, and it is affirmed.